### FELDMAN v. GOLDBLATT.

(Supreme Court, Appellate Term.　March 8, 1912.)

CONTRACTS (§ 290*)—BUILDING CONTRACTS—ARCHITECT'S CERTIFICATE—NECESSITY FOR PRODUCTION.

A building contract, making an architect's certificate a prerequisite to the contractor's right to a payment, contemplates employment of a supervising architect by the owner; and, if he fails to employ one, the contractor need not furnish a certificate.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1317; Dec. Dig. § 290.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Jacob M. Feldman against J. Harry Goldblatt. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

---

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

George Falkinburg, for appellant.

J. J. Lewin, for respondent.

GUY, J. The plaintiff sues to recover the value of carpenter work, alleged to have been performed by him under a written contract with defendant. The complaint was dismissed, apparently because no architect's certificate was furnished.

Plaintiff alleged that the requirement of the contract that an architect's certificate be furnished before each payment was waived. The architect testified that he gave no certificate, because his work was finished when he drew the plans and specifications; that he refused to supervise the work; that he never examined it; that he could not issue a certificate without going to the job, and unless he was paid for doing so; and that he would not do it, because it was a small job, and he did not care to look after a lot of small contractors he knew nothing about. The agreement contemplated that defendant should employ an architect, whose duty it would be to pass upon the question whether the work was performed according to contract. When an owner fails to employ such architect, the contractor is not obliged to furnish a certificate. Thomas v. Fleury, 26 N. Y. 26–34; Haden v. Coleman, 73 N. Y. 567, 570.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.